# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY and AUTO-OWNERS INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT W. HENDERSON, individually; TAFFIANY RODGERS, individually and as mother and next friend of Labarron Rodgers and Mahogany Henderson, minors; TIFFANY GROVE, individually and as mother and next friend of Trevoris Grove and Trevin Grove, minors; SAMONE C. RADDCLIFF, individually and as mother and next friend of Von S. Conway, Jr.; MOLLIE PAYNE PRIM, individually and as mother and next friend of Tyangelo Cummings, Tyja Agnew, minors; MELVIN PAYNE, individually; TELIMEA W. SANDERS, individually and as mother and next friend of Megan M. Sanders, Marcus L. Sanders, II, and McKenzie A. Murphy, minors; VERONICA MARSH, individually and as mother and next friend of Ricki D. Marsh, Jeremy E. Marsh, and Devin E. Marsh; YOLANDA Y. PRUITT, individually and as mother and next friend of Spencer White; NATALIA C. PRUITT, individually and as mother and next friend of Christi Douglas; THE MITCHELL COMPANY, INC.; and RIGHTWAY DRYWALL, INC.,<br><br>    Defendants.<br>_____ | Civil Action No. 5:09-CV-376 (HL) |

# ORDER

This case was filed on October 22, 2009. Consistent with the practices of this Court, the complaint was subjected to an initial review. Following review of the complaint, the Court directs Plaintiffs to amend consistent with the following.

Plaintiffs Owners Insurance Company and Auto-Owners Insurance Company filed this declaratory judgment action seeking a judgment from the Court that they have no duty to defend or indemnify Defendant Rightway Drywall, Inc. for certain claims asserted against Rightway in a lawsuit filed in the Circuit Court of Mobile County, Alabama by Defendants Henderson, Rodgers, Grove, Raddcliff, Prim, Payne, Sanders, Marsh, Yolanda Y. Pruitt, and Natalia C. Pruitt. Plaintiffs' complaint alleges diversity of citizenship as the jurisdictional basis for bringing suit in federal court.

District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C.A. § 1332(a). For purposes of 28 U.S.C.A. § 1332, the legal representative of an infant or incompetent is deemed to be a citizen of the same state as the infant or incompetent. 28 U.S.C.A. § 1332(c)(2). Defendants Rodgers, Grove, Raddcliff, Prim, Sanders, Marsh, Yolanda Y. Pruitt, and Natalia C. Pruitt have each filed suit against Rightway both individually and as next friend of their children. Thus, they may be citizens of one state for purposes of their individual actions but another for purposes of their next friend actions. Pursuant to 28 U.S.C.A. § 1332, these Defendants, as the next friend of their children, are deemed to be citizens of the same states as their children. However, nowhere in the complaint is the citizenship of the children specified.

Plaintiffs' complaint is deficient, therefore, because it fails to identify completely the citizenship of Defendants Rodgers, Grove, Raddcliff, Prim, Sanders, Marsh, Yolanda Y. Pruitt, and Natalia C. Pruitt.  It is not enough to allege that they are each individual citizens of the State of Alabama.

Because federal courts are courts of limited jurisdiction, they "have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003).  In examining the jurisdictional allegations of Plaintiffs' complaint, the Court finds they are lacking.  The complaint fails to identify the citizenship of the parties with sufficient particularity.  As a result, this Court is unable to ascertain whether complete diversity of citizenship exists.

In view of Plaintiffs' failure to identify the citizenship of the parties sufficiently, the Court finds that the complaint fails to satisfy the prerequisites of subject matter jurisdiction.  However, the Court is of the opinion that Plaintiffs should be allowed to amend the complaint to correct the deficiencies noted.  Accordingly, Plaintiffs shall have until November 13, 2009 in which to file an amended complaint that conforms to the findings of this Order.  Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal of Plaintiffs' complaint.

**SO ORDERED**, this the 29th day of October, 2009.

                                      *s/   Hugh Lawson*
                                      **HUGH LAWSON, SENIOR JUDGE**

mbh